### 18481.   KING *v.* THE STATE.

BLOODWORTH, J.   "The verdict in this case is dependent entirely on circumstantial evidence.   The proved facts are consistent with innocence, and are insufficient to exclude every reasonable hypothesis save that of the guilt of the accused.   Suspicion of guilt will not authorize a conviction.   Penal Code (1910), § 1010; *Williams* v. *State*, 113 *Ga.* 721 (39 S. E. 487).   It was error to refuse a new trial."   *Henderson* v. *State*, 147 *Ga.* 134 (2) (92 S. E. 871).

> *Judgment reversed.   Broyles, C. J., and Luke, J., concur.*
> DECIDED DECEMBER 13, 1927.

Possessing liquor; from city court of Albany—Judge Clayton Jones.   August 4, 1927.

The State's witness, a policeman, testified, that he saw King, the defendant, coming from down the river in the city of Albany, wearing overalls, and with his hand stuck in front of them, as if he had something in the front of the overalls like a bottle of whisky which was produced on the trial (a quart glass jug, a little more than half full).   The defendant went down to the river and out of sight of the witness.   The witness hailed him and he started to run, but stopped, and the witness searched him and questioned him about what he was doing there, and was told that he was looking for a chicken belonging to his mother-in-law, who lived near by.   The defendant had an empty bottle in his pocket, but there was no odor of whisky in it.   His clothes smelled of whisky, and it appeared to the witness that whisky had been spilled on the defendant's clothing.   He was allowed to proceed on his way and the witness returned to the river, and, while standing there, saw "the bottle," a little more than half full of whisky and without a stopper in it, come floating up from under a dredge-boat.   The boat was something like twenty feet wide by fifty feet long and probably drew from one to two feet of water, and as it was heading up and down the stream the bottle floated out from it the long way.   Men on that boat and other boats said that they did not see the defendant throw the bottle in the river.   Some hours later the witness found the defendant at a picture show and arrested him.   The bottle was unusually heavy for a glass bottle, and resembled "the vinegar variety of glass jugs."   The defendant, in his statement at the trial, denied that

Criminal Law, 16 C. J. p. 764, n. 54; p. 766, n. 78; p. 1179, n. 67.
Intoxicating Liquors, 33 C. J. p. 762, n. 54, 55.

he had whisky at the time mentioned, and said that he was engaged in bill posting and sometimes got paste on his overalls, and it would sour and have some odor.

*Cowart & Durden,* for plaintiff in error, cited *Ga. App. Rep.:* 15/423 (bot.), 425; 13/144; 12/816-17; 2/534; 12/111; 17/730; 23/9, 141, 463; 25/427; 27/582.; 28/625; 29/388; 30/61; 32/427; 33/678; 34/590.

*R. E. L. Spence Jr., solicitor,* contra, cited *Ga. App. R.:* 3/518; 23/760.